UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THIRD WORLD MEDIA, LLC,                              :
                                                     :
                              Plaintiff,             :         12 Civ. 02990
                                                     :
        -against-                                    :         COMPLAINT
                                                     :
JOHN DOES 1-68,                                      :
                                                     :
                              Defendants.            :
------------------------------------------------------------------X

Plaintiff Third World Media, LLC, ("Plaintiff Third World"), by its attorneys Nesenoff & Miltenberg, LLP, as and for its Complaint, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.* Defendants herein have, in a single willful, concerted effort, used an advanced peer-to-peer file sharing protocol known as "BitTorrent" to copy and distribute a single digital copy of Plaintiff's original, creative, copyrighted motion picture (the "Work") between and among themselves over the Internet.

2. Plaintiff Third World brings this action to enjoin Defendants from continuing to infringe its copyright in the Work, and to recover for the damages this infringement has already caused.

### JURY DEMAND

3. Plaintiff herein demands a trial by jury of all triable issues in this action.

### THE PARTIES

4. Plaintiff Third World is a filmmaker and film distributor with a principal place of business at 9320 Mason Avenue, Chatsworth, California 91311. At all times relevant hereto,

Plaintiff Third World is and has been the owner of the copyright of the audiovisual work registered with the Copyright Office under registration number PA 1-769-155 (the "Work").

5. The Doe Defendants downloaded the Work while in New York State. The individual identities of the Doe Defendants are yet unknown. The exact number of individual Doe Defendants is also unknown. There may be only a few or as many as 68 individual defendants, as enumerated in the caption of this Complaint. As explained, *infra*, each Defendant is known to Plaintiff Third World only by a uniquely-identifying Internet Protocol address. The identities of the Defendants will be revealed by information obtained in discovery.

6. Plaintiff Third World and Defendants are sometimes hereinafter referred to as the "Parties."

## JURISIDICTION AND VENUE

7. This Court has subject matter jurisdiction over this dispute due to a federal question, namely Plaintiff Third World's claims for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq*.

8. This Court also has subject matter jurisdiction over this dispute due to the diversity of Plaintiff Third World, a California company, and Defendants, who are all residents of New York State, and the amount in controversy, which exceeds $75,000.

9. This Court has personal jurisdiction over the Defendants under CPLR §§ 301 and 302 because they are domiciliaries of New York State or can be found within New York State, and because they committed the infringement alleged herein within New York State.

10. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391 insofar as a substantial part of the copying giving rise to the claim occurred in this district.

11. Venue for this action also properly lies in this district pursuant to 28 U.S.C. § 1400 (a) inasmuch as this is a civil action arising under the Copyright Act and a substantial number of the Defendants resides or may be found in this district.

## FACTUAL ALLEGATIONS

12. Many Internet protocols allow a user to download a single audiovisual file, such as a motion picture, from a single source over the Internet. The BitTorrent protocol, however, allows users to join together in a common enterprise to share a single copy of a single audiovisual file between and among themselves in a group of users called a "swarm". These transfers are made incrementally, bit by bit, by exchanging a few pieces of the file at a time.

13. At any given time, only one user in the swarm need possess a complete copy of the file. As one bit is copied to another user in the swarm, all other users are able to copy that bit for themselves from that user, and so on. This process does not limit users to transfers *in seriatim*. On the contrary, each user is able to upload to and download from every other user in the swarm simultaneously. In this way, each user in a swarm relies on and contributes to every other user for a piece of the file. The more users in a swarm, the more quickly and efficiently each user can copy the original audiovisual file.

14. To participate in a BitTorrent swarm, a user must intentionally download and install a specialized piece of software called a BitTorrent client. The user must then, using a different piece of software – typically a web browser such as Internet Explorer or Firefox – intentionally visit a website called a BitTorrent tracker to search from a virtually limitless list of audiovisual works to download. The user then selects the audiovisual work he or she desires and downloads a small tracker file for that work. This file contains the information necessary to locate the other users in the swarm. Then, the user must the intentionally direct their BitTorrent

3

client to load and then to execute the tracker file. The BitTorrent client then downloads and uploads to other users until the user possesses a complete copy of the audiovisual file.

15. As such, joining a swarm and downloading an audiovisual file on BitTorrent is no simple matter. It is a complex procedure requiring conscious deliberation and choice that, by its very nature, cannot be automated or accomplished by accident.

16. Each time a user distributes a digital copy of an audiovisual file using BitTorrent, the recipient can then further distribute a perfect copy of that file to others over the Internet without any degradation in sound or picture quality. In doing so, these individuals usurp the market for legitimate copies of the audiovisual work and deprive the copyright owner of its exclusive right and ability to sell the audiovisual work in the marketplace for its true value.

17. The audiovisual file at issue here is a high-quality copy of the Work. The users at issue here are Defendants.

18. Federal Copyright registration for the Work was granted on November 21, 2011 and awarded Federal Copyright Registration number PA 1-769-155. Beginning on November 25, 2011, Defendants made digital copies of and distributed the Work over the Internet, using Bit Torrent technology as described *supra*. Defendants acted in a collective and concerted manner in the unlicensed reproduction and distribution of the Work by exchanging the same copy of the work between themselves.

### The True Identity and Number of Defendants is Unknown

19. The true names of Defendants are unknown to Plaintiff Third World. The Defendants are known to Plaintiff Third World only by their Internet Protocol ("IP") address and their Internet Service Provider ("ISP"). Every time a user logs on to the Internet, that user is assigned an IP address by that user's ISP. A chart listing the IP address and the ISP for each Defendant, together with the date and time at which his or her infringing activity was observed,

4

and setting forth the city from which the Defendant downloaded the Work is listed in **Exhibit A** to the Declaration of Peter Bechthold, filed together with this Complaint.

20. The true number of Defendants is also unknown to Plaintiff Third World. An IP address identifies only a single ISP account holder at any given time, but an ISP may assign a single account holder one IP address at one time and a different IP address at a later time. Thus, the true number of defendants could be as few as a handful of individuals, sharing bits of the Work from different locations within New York State, or as many as 68 individuals, as enumerated in the caption of this Complaint.

21. The identities and number of Defendants will be revealed by information obtained in discovery.

### All Defendants may be Found in New York

22. Though an IP address alone does not reveal the name or contact information of the account holder, it does reveal that person's location. IP addresses are distributed to ISPs by public, nonprofit organizations called Regional Internet Registries. As the name implies, these registries assign blocks of IP addresses to ISPs by geographic region. In the United States, these blocks are assigned and tracked by the American Registry of Internet Numbers. Master tables correlating the IP addresses with local regions are maintained by these organizations in a publicly-available and searchable format. An IP address' geographic location can be further narrowed by cross-referencing this information with secondary sources such as data contributed to commercial databases by ISPs. As set forth in the accompanying Declaration of Peter Becthhold, Plaintiff Third World's investigators have utilized these techniques to confirm the city in which each Defendant downloaded the Work.

5

## All Defendants Copied the Exact Same Copy of the Work from Each Other

23.     All Defendants copied the Work from each other. In fact, all Defendants copied the very same copy of the Work from each other. Any digital copy of an audiovisual work may be uniquely identified by a unique code called a "hash checksum." The hash checksum is a string of alphanumeric characters generated by a mathematical algorithm known as US Secure Hash Algorithm 1 or "SHA-1", which was developed by the National Security Agency and published as a US government standard. No two different files may have the same hash checksum.

24.     The hash checksum of the copy of the work shared by every Defendant is 013662A990B2C9D42270A2F227069CAF33FA0D7E. Thus, all Defendants copied and shared not only the same audiovisual work, but the exact same copy of the same Work in a concerted and interconnected effort to obtain it quickly and efficiently without having to pay for it.

## FIRST CAUSE OF ACTION
(Copyright Infringement: 17 U.S.C. § 501 *et seq* against all Defendants Jointly and Severally)

25.     Plaintiff Third World repeats and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein.

26.     As described *supra*, Plaintiff Third World is the exclusive owner of all copyright in the Work, including the rights of reproduction and distribution.

27.     The Work is registered with the United States Copyright Office under registration number PA 1-769-155. This registration has an effective date of November 21, 2011

28.     Subsequent to this effective date, Defendants, without license or authorization, copied, reproduced and distributed the very same copy of the very same file of the Work over the Internet using BitTorrent technology.

29.     Defendants have acted willfully, with full knowledge that they were making unauthorized copies the Work.

30. By reason of the foregoing, Plaintiff Third World is entitled to damages in an amount to be determined at trial.

31. Moreover, the conduct of each Defendant is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff Third World irreparable injury that cannot be fully compensated or measured money damages. Thus Plaintiff Third World has no adequate remedy at law. Plaintiff Third World is entitled to injunctive relief prohibiting each Defendant from further infringing its copyright and ordering that each Defendant destroy all copies of the Work made in violation of Plaintiff Third World's copyrights.

## SECOND CAUSE OF ACTION
(Contributory Copyright Infringement against all Defendants Jointly and Severally)

32. Plaintiff Third World repeats and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein.

33. As described *supra*, each Defendant materially contributed to the unlicensed and unauthorized copying, reproduction and distribution of the same copy of the same file of the same Work by and between each other Defendant.

34. Each Defendant knew he or she was copying the Work without Plaintiff Third World's permission, and knew that he or she was materially contributing to each other Defendant's copying and infringement.

35. Indeed, each Defendant could not have made the infringing copies without assistance from each other Defendant in the BitTorrent Swarm, who each possessed a bit of the digital copy of the Work. The infringement could not have occurred but for each other Defendants' participation in the swarm

36. By reason of the foregoing, Plaintiff Third World is entitled to damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

(i) on Plaintiff Third World's First Cause of Action, an amount to be determined at trial, but in no event less than $150,000;

(ii) on Plaintiff Third World's Second Cause of Action, an amount to be determined at trial, but in no event less than $150,000;

(iii) that the court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying or making any other infringing use or infringing distribution of the Work; and

(iv) punitive damages, together with costs and disbursements of this action, including attorneys' fees.

Dated: New York, New York
April 10, 2012

                                                  NESENOFF & MILTENBERG, LLP

                                                  By: _____
                                                  Andrew T. Miltenberg, Esq. (AM 7006)
                                                  Marco A. Santori, Esq. (MS 7422)
                                                  **Attorneys for Plaintiff**

                                                  363 Seventh Avenue, Fifth Floor
                                                  New York, New York 10001
                                                  (212) 736-4500

                                                  amiltenberg@nmllplaw.com
                                                  msantori@nmllplaw.com